# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LUCY CLARK,

        Plaintiff,

        v.

MICHAEL ROSENTHAL, KEVIN
MCCLANAHAN,

        Defendants.

Case No. 26-1109-JWB-BGS

## MEMORANDUM & ORDER

Plaintiff Lucy Clark filed this action *pro se*.[1]  The Complaint consumes one page and names two Defendants, Michael Rosenthal and Kevin McClanahan.  (Doc. 1.)  The allegations are minimal and are comprised of three sentences:

1. Defendant Kevin Mcclanahan [sic] violated due process,

2. Defendant Michael Rosenthal conspired with Kevin Mcclanahan [sic],

2. [sic] Plaintiff demands an award to be decided by the Court.

(*Id.*)

Simply stated, these allegations do not state a claim upon which relief can be granted.  The pleading lacks any factual allegations to identify Defendants, any authority they may exercise, any specific acts taken to have violated Plaintiff's due process rights, or how any such conspiracy violated plaintiff's legal rights.  The Complaint consists of entirely conclusory assertions.  This is clearly insufficient according to Federal Rule of Civil Procedure 8.  While there is no requirement

---

[1] Because Plaintiff proceeds *pro se*, the court construes her filings liberally and holds her to a less stringent standard than trained lawyers.  *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court does not, however, assume the role of advocate for the *pro se* litigant.  *Hall*, 935 F.2d at 1110.

under Rule 8 to provide detailed factual allegations, the Rule requires more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, a complaint must also include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Here, Plaintiff has thoroughly failed to provide such facts. Although the Court must "make some allowances for 'the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements [,]" … the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citations omitted). The Court may dismiss a complaint *sua sponte* that fails to comply with the requisite pleading standards. *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. 2018).

Plaintiff has also failed to establish subject-matter jurisdiction. Federal courts are courts of limited jurisdiction. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). Thus, there is a presumption against jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Jurisdiction may be exercised only when the Court is specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). Further, the Court must dismiss a claim at any time it becomes apparent that jurisdiction is lacking. *Scheideman v. Shawnee Cnty. Bd. Of Cnty. Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing *Basso*, 495 F.2d at 909); Fed. R. Civ. P. 12(h)(3).

As the party seeking to invoke federal subject-matter jurisdiction, it is Plaintiff's burden to do so. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). *See also Soto v. Kalatzes*, No. 21-4103, 2022 WL 1831258, at *2 (10th Cir. June 3, 2022) (holding that even *pro se* plaintiffs bear burden of demonstrating proper basis for

2

subject matter jurisdiction).  Conclusory jurisdictional allegations are insufficient.  *United States ex rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1162 (10th Cir. 1999).

Plaintiff may invoke either federal question jurisdiction pursuant to 28 U.S.C. § 1331 or diversity jurisdiction per 28 U.S.C. § 1332.  For a case to arise under federal question jurisdiction, the federal question must be apparent on the face of the well-pleaded complaint.  *Rice v. Office of Servicemembers' Grp. Life Ins.*, 260 F.3d 1240, 1245 (10th Cir. 2001).  *See also Coando v. Coastal Oil & Gas Corp.*, 44 F. App'x 389, 395 (10th Cir. 2002) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)).  The "complaint must identify the statutory or constitutional provision under which the claim arises and allege sufficient facts to show that the case is one arising under federal law."  *Coando*, 44 F. App'x at 395 (citation omitted).  Here, Plaintiff does not include a reference to jurisdiction in any way, let alone identify a relevant statutory or constitutional provision.  (Doc. 1.) Thus, the Complaint wholly fails to identify any federal statute or cause of action that could establish federal question jurisdiction.

The Complaint also alleges no facts to establish diversity jurisdiction.  (*Id.*)  Diversity jurisdiction requires complete diversity in citizenship between the parties and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332.  Plaintiff has not referenced an amount in controversy; thus, she cannot satisfy the requirements of § 1332 jurisdiction.

Even assuming Plaintiff could meet the amount in controversy, she fails to properly allege complete diversity of citizenship between the parties.  Complete diversity means that "no plaintiff and no defendant are citizens of the same state."  *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  When suing multiple defendants in a diversity action, a plaintiff bears the burden of proving that diversity jurisdiction exists for each defendant.  *United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995).

The Complaint at issue does not allege or reference the citizenship of any of the parties. (*See* Doc. 1.) While the Court's docketing system lists a Wyoming residential address for Plaintiff, there is no mention in the Complaint or elsewhere of her actual citizenship. "A person's residence is not the equivalent of [her] domicile and it is a person's domicile that is relevant for determining citizenship." *Boone v. Raney*, 668 F. Supp. 3d 1178, 1192 (D. Kan. 2023). As for the Defendants, Plaintiff has not provided addresses for them, let alone established their citizenship. Plaintiff has, therefore, failed to carry her burden of establishing that she is diverse as to each of the Defendants. *See Tucker v. Elk City Police Dep't*, No. 22-6023, 2022 WL 2165508, at *2 (10th Cir. June 16, 2022) (dismissing a *pro se* lawsuit for lack of subject matter jurisdiction when the plaintiff failed to allege citizenship of the defendants). The Court is also unable to determine whether it would have personal jurisdiction over the Defendants or how Kansas would be a proper venue for the claims. [2]

A bare assertion of the court's jurisdiction, without more, is insufficient to invoke federal jurisdiction. *See Payn v. Kelley*, 702 F. App'x 730, 773 (10th Cir. 2017) (affirming dismissal for lack of subject-matter jurisdiction when plaintiff did not state any "colorable claim arising under federal law."); *Sifuentes v. Cap. One*, No. 23-4088, 2023 WL 6060382, at *3 (10th Cir. Sept. 18, 2023) (affirming district court's dismissal where complaint failed to allege citizenship of parties and facts sufficient to establish requisite amount in controversy). Here, Plaintiff's Complaint does not even rise to the level of including a "bare assertion."

Plaintiff's *pro se* Complaint (Doc. 1) wholly fails to comply with the Federal Rules of Civil Procedure, fails to state a claim upon which relief can be granted, and fails to establish subject-matter jurisdiction. As such, dismissal without prejudice is warranted. In addition to the host of

---

[2] A Pacer search reveals that Plaintiff has filed approximately 33 other cases in federal courts around the country in the past 3-4 days, all of which appear to be similarly styled. The scattershot strategy employed by Plaintiff strongly suggests an abuse of the legal process.

substantive issues with this case outlined above, this also supports the Court's *sua sponte* dismissal of Plaintiff's claim.

IT IS THEREFORE ORDERED THAT this case is **dismissed without prejudice**.

IT IS FURTHER ORDERED THAT the pending Motion to Proceed Without Payment of Fees (Doc. 2) is **dismissed as moot**.

**IT IS SO ORDERED**.

Dated this 14th day of May, 2026, at Wichita, Kansas.

/s/John W. Broomes
JOHN W. BROOMES
United States District Judge

5